**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KIEFER SAGE, INC.** **PLAINTIFF**

**V.** **CASE NO. ____________________**

**PRO-GARD PRODUCTS, LLC** **DEFENDANT**

## COMPLAINT

Plaintiff Kiefer Sage, Inc., for its complaint against Defendant Pro-Gard Products, LLC states:

## PARTIES

1. Plaintiff Kiefer Sage, Inc. ("Kiefer Sage") is an Arkansas corporation with its principal place of business in Benton County, Arkansas.

2. Defendant Pro-Gard Products, LLC ("Defendant") is a Delaware limited liability company with its principal place of business in Indianapolis, Indiana. Defendant can be served with this Complaint through its registered agent, Harvard Business Services, Inc.

## JURISDICTION AND VENUE

3. This is an action for patent infringement 35 U.S.C. § 271. The Court has subject matter jurisdiction over the patent infringement claim pursuant to 28 U.S.C. §§ 1331 and 1388(a).

4. This Court has personal jurisdiction over Defendant because it does substantial business in this forum, including regularly doing and soliciting business in Arkansas and in this District, deriving substantial revenue from goods provided to individuals in Arkansas and in this District, and selling and offering for sale infringing goods in Arkansas and in this District.

5. Venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) as acts of infringement took place in this District and Defendant is subject to personal jurisdiction in this Court.

**FACTUAL BACKGROUND**

6. Kiefer Sage provides gun mounts to law enforcement and emergency response operations throughout the United States, including Arkansas, for sale to consumers in-store and/or online.

7. Kiefer Sage is the assignee and owner of all right, title, and interest in U.S. Patent No. 8,910,560 ("the '560 Patent"), titled "Adjustable Gun Mount." A true and correct copy of the '560 Patent is attached as Exhibit A.

8. The '560 Patent is valid and enforceable.

9. The '560 Patent discloses and claims adjustable gun mounts featuring, among other things, a rack with a backbone having a locking slot, at least one lock device including a lock head and a lock head bracket with a releasable head bracket clamp, and components such as butt plate boots and arms rack charge brackets to align and secure weapons of varying sizes.

10. Upon information and belief, Defendant makes, uses, offers for sale, and sells a product referred to as Tri-Lock Vertical Partition Mount. This product is an adjustable gun mount that embodies the rack with a backbone having a locking slot, at least one lock device including a lock head and a lock head bracket with a releasable head bracket clamp, and components such as a butt plate boots and arms rack charge brackets to align and secure weapons of varying sizes of the '560 Patent.

11. On May 13, 2026, Kiefer Sage provided Defendant actual notice of the '560 Patent.

12. Defendant continued to sell the Tri-Lock Vertical Partition Mount after receipt of notice of infringement from Kiefer Sage.

**COUNT I – PATENT INFRINGEMENT OF THE '560 PATENT**

13. Kiefer Sage adopts, realleges and incorporates all of the allegations and facts states in Paragraphs 1-10 of this Complaint.

14. Defendant has made, used, offered for sale, and/or sold, and continues to make, use, offer for sale, and/or sell the Tri-Lock Vertical Partition Mount that embody the rack with a backbone having a locking slot, at least one lock device including a lock head and a lock head bracket with a releasable head bracket clamp, and components such as a butt plate boots and arms rack charge brackets to align and secure weapons of varying sizes of the '560 Patent. This includes one or more of the claims of the '560 Patent, including at least claim 12, recited in the claims of the '560 Patent. Defendant's conduct therefore constitutes direct infringement of at least one claim of the '560 Patent under 35 U.S.C. § 271.

15. Defendant's infringing activities have caused and will continue to cause Kiefer Sage irreparable harm for which it has no adequate remedy at law unless Defendant's infringing activities are enjoined by this Court.

16. Kiefer Sage has been and continues to be damages by Defendant's infringement of the '560 Patent in an amount to be determined at trial.

WHEREFORE, Plaintiff Kiefer Sage prays for relief as follows:

A. A judgment that Defendant, Pro-Gard Products, LLC, has infringed claims of the '560 Patent;

B. A preliminary and permanent injunction barring Defendant from further infringement of the '560 Patent;

C. An award of Kiefer Sage's damages resulting from Defendant's infringement of the '560 Patent under 35 U.S.C. § 284;

D. An award of actual damages, including pre-judgment and post-judgment interest at the maximum rate permitted by law;

E. An award of treble damages under 35 U.S.C. § 284 based on Defendant's willful infringement;

F. An award of costs and attorney's fees under 35 U.S.C. § 285; and

G. Such further relief as this Court deems proper.

**JURY DEMAND**

Plaintiff, Kiefer Sage, Inc., hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, Arkansas 72758
PH: (501) 371-0808
FAX: (501) 376-9442
EM: mlowry@wlj.com
EM: ddoty@wlj.com

By: ________________________________
Meredith Lowry (2005232)
Dustin K. Doty (2013144)

*Attorneys for Plaintiff*
*Kiefer Sage, Inc.*